## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| **APRESE SYSTEMS TEXAS, LLC,**<br><br>Plaintiff<br><br>v.<br><br>**TOYOTA MOTOR MANUFACTURING TEXAS, INC., AND JEFF HUNTER MOTORS, INC.,**<br><br>Defendants | **Case No. 6:20-cv-1046**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Aprese Systems Texas, LLC ("Plaintiff" or "Aprese") files this Complaint against Defendants Toyota Motor Manufacturing Texas, Inc. and Jeff Hunter Motors, Inc. (collectively "Toyota" or "Defendants") for infringement of Aprese's patents: U.S. Patent Nos. 8,887,155 and 9,207,924.

## THE PARTIES

1.      Plaintiff and patent owner Aprese is a Texas limited liability company with its headquarters and principal place of business in Austin, Texas.

2.      Toyota Motor Manufacturing, Texas, Inc. is a Texas corporation with its principal place of business at 1 Lone Star Pass, San Antonio, Texas 78264 and may be served through its registered agent for process: CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3.     Jeff Hunter Motors, Inc. is a Texas Corporation having a principal place of business at 1440 West Loop 340, Waco, Texas 76711 and may be served with process via its registered agent: Amy Roberts, 1440 West Loop 340, Waco, Texas 76711.

## JURISDICTION AND VENUE

4.     This is a patent suit brought under the United States Patent Act, namely 35 U.S.C. §§ 271, 281, and 284-285, among other laws.  This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b). Defendants are headquartered in and do business in this judicial district.  Defendants market, sell, and deliver accused products in this district, directs and instructs customers and end users how to use the accused products in this district, and has committed acts of infringement in this judicial district.

6.     As a resident of Texas, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long-Arm Statute.  Defendants conduct substantial business in this State and judicial district, including at least part of the infringing activities, regularly conduct and solicit business in Texas, and derive substantial revenue from selling goods to Texas residents.

## THE APRESE PATENTS

7.     Plaintiff is the owner, by assignment, of U.S. Patent No. 8,887,155 (the "'155 Patent"), titled SYSTEM, METHOD, AND APPARATUS FOR MANAGING

APPLICATIONS, INFORMATION, AND SERVICES, which issued on November 11, 2014. A copy of the '155 Patent is available from the U.S. Patent Office at https://pdfpiw.uspto.gov/.piw?Docid=8887155+&idkey=NONE&homeurl=http%3A% 252F%252Fpatft.uspto.gov%252Fnetahtml%252FPTO%252Fpatimg.htm.

8.      Defendants have been on notice of the '155 Patent at least as early as the date it received service of this complaint.

9.      Plaintiff is the owner, by assignment, of U.S. Patent No. 9,207,924 (the "'924 Patent"), titled APPARATUS FOR ENABLING DELIVERY AND ACCESS OF APPLICATIONS AND INTERACTIVE SERVICES SYSTEM, METHOD, AND APPARATUS FOR MANAGING APPLICATIONS, INFORMATION, AND SERVICES, which issued on December 8, 2015. A copy of the '924 Patent is available from the U.S. Patent Office at https://pdfpiw.uspto.gov/.piw?Docid=9207924+&idkey= NONE&homeurl=http%3A%252F%252Fpatft.uspto.gov%252Fnetahtml%252FPTO%25 2Fpatimg.htm.

10.      Aprese possesses all rights of recovery under the Asserted Patents.

11.      Defendants have been on notice of the '155 and '924 Patents at least as early as the date it received service of this complaint.

## TOYOTA PRODUCTS

12.      On information and belief, Toyota makes, imports, sells, offers to sell, distributes, licenses, markets and/or uses the Toyota in-dash multimedia systems in Toyota vehicles such as the Tundra and Tacoma ("the Accused Products").

13.      On information and belief, Jeff Hunter Motors, Inc., sells and offers to

sell the accused products.



https://www.jeffhuntertoyota.com/new-cars-waco-tx.

   14. The Accused Products are compatible with the Apple CarPlay and Android Auto Applications.



Apple CarPlay[1] provides a smarter, safer way to use your iPhone[®2] in the car: It takes many of the experiences you already enjoy on the iPhone itself and puts them right on your vehicle's audio multimedia display instead. You can get directions, make calls, send and receive messages, and listen to music, all in a way that allows you to stay focused on the road. Just connect your iPhone and go.

## WHAT IS APPLE CARPLAY?

When set up and active, Apple CarPlay[1] takes over the vehicle's audio multimedia system, using the connected iPhone[2] to host a **dedicated operating system**. Because it runs on your iPhone, Apple CarPlay stays up to date on its own, receiving system updates whenever the iPhone does.

Apple CarPlay features a variety of default Apple[3] applications, like **Phone**, **Music**, **Apple Maps**, **iMessage**, and **Podcasts**[4]. Apple CarPlay supports other apps on your iPhone[2] – like your favorite audio, messaging, and voice apps. Apps developed by automobile manufacturers are also supported, so you can control more of your vehicle's features without ever leaving Apple CarPlay. You can personalize your experience by rearranging exactly how your apps appear in Apple CarPlay through settings on your iPhone.

Apple CarPlay's[1] apps are laid out in pages of eight (two rows of four icons, customizable via the phone). **The left edge of the Apple CarPlay home screen also features a quick menu of the three most recently used apps,** as well as clock, cellular/data signal strength indicators, and a home button.

Apple CarPlay[1] features Siri[5] voice control and is specially designed for driving scenarios. Apple CarPlay also works with your vehicle's controls – knobs, buttons or touchscreen. And the apps themselves have been reimagined for the vehicle, so you can use them while your eyes stay on the road.



**Note:** Search "CarPlay" on the App Store for a current list of available apps. Apps shown are the property of their respective owners. Apps and services subject to change. Subject to smartphone connectivity and capability.



https://www.toyota.com/content/ebrochure/Toyota_CarPlay_Siri.pdf.

15. Toyota instructs and encourages its customers to enable and use Apple CarPlay and Android Auto.



http://toyota.custhelp.com/app/answers/detail/a_id/9687/~/how-do-i-use-apple-carplay%C2%AE%3F.



https://www.youtube.com/watch?reload=9&v=m7enCmOqKso.

**NOTICE OF APRESE'S PATENTS**

16.    Plaintiff is the owner, by assignment, of U.S. Patent No. 8,732,697 (the

"'697 Patent"), entitled SYSTEM, METHOD AND APPARATUS FOR MANAGING

APPLICATIONS ON A DEVICE, which issued on May 20, 2014. A copy of the '697 Patent is available at https://patents.google.com/patent/US8732697B2/en?oq=8%2c732%2c697.

17.    Defendant has been on notice of the '697 Patent at least as early as the date it received service of this complaint.

18.    Plaintiff is the owner, by assignment, of U.S. Patent No. 9,210,214 (the "'214 Patent"), entitled SYSTEM, METHOD AND APPARATUS FOR ENABLING ACCESS TO APPLICATIONS AND INTERACTIVE SERVICES, which issued on December 8, 2015. A copy of the '214 Patent is available at https://patents.google.com/patent/US9210214B2/en?oq=9%2c210%2c214.

19.    Defendant has been on notice of the '214 Patent at least as early as the date it received service of this complaint.

20.    Plaintiff is the owner, by assignment, of U.S. Patent No. 9,215,273 (the "'273 Patent"), entitled APPARATUS FOR ENABLING DELIVERY AND ACCESS OF APPLICATIONS AND INTERACTIVE SERVICES, which issued on December 8, 2015. A copy of the '273 Patent is available at https://patents.google.com/patent/US9215273B2/en?oq=9%2c215%2c273.

21.    Defendant has been on notice of the '273 Patent at least as early as the date it received service of this complaint.

22.    Plaintiff is the owner, by assignment, of U.S. Patent No. 10,255,059 (the "'059 Patent"), entitled METHOD APPARATUS AND SYSTEMS FOR ENABLING DELIVERY AND ACCESS OF APPLICATIONS AND SERVICES, which issued

April 9, 2019. A copy of the '059 Patent is available at https://patents.google.com/patent/US10255059B2/en?oq=10%2c255%2c059.

23.     Defendant has been on notice of the '059 Patent at least as early as the date it received service of this complaint.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 8,887,155**

24.     Plaintiff incorporates the above paragraphs herein by reference.

25.     The '155 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

26.     The Accused Products are designed to connect to provide interactive services using applications.

27.     Upon information and belief, Defendants have infringed and continue to infringe one or more claims, including Claim 1, of the '155 Patent by making, using, importing, selling, and/or, offering for sale the Accused Products in the United States without authority.

28.     Defendants have infringed and continue to infringe the '155 Patent either directly or through the acts of inducement in violation of 35 U.S.C. § 271.

29.     Defendants encourage others, including their customers, to use the Accused Products in the United States without authority.

30.     Claim 1 of the '155 Patent recites:

1.     A media device for providing interactive services using applications, said media device comprising:

    a. at least one non-transitory computer-readable storage medium

having a computer-readable program stored therein, said computer-readable program executable by a processor associated with said media device;

b. said computer-readable program comprising sets of instructions to enable said processor to:

    i. associate with a client device;

    ii. receive a plurality of information comprising a first application identification information from said client device, wherein said plurality of information is based on at least one of an environment, a user interaction event and activity on said client device;

    iii. identify a first application using said first application identification information;

    iv. enable access to said first application on said media device; and

    v. enable display of information related to at least one of applications and media on a display associated with said media device.

31.   As exemplified in the information referenced in the above paragraphs and the use of one or more of the Accused Products, the Accused Products include media devices for providing interactive services using applications.

32.   As exemplified in the information referenced in the above paragraphs

and the use of one or more of the Accused Products, the Accused Products include at least one non-transitory computer-readable storage medium having a computer-readable program stored therein, the computer-readable program executable by a processor associated with the media device.

33.    As exemplified in the information referenced in the above paragraphs and the use of one or more of the Accused Products, the Accused Products include a computer-readable program comprising sets of instructions to enable the processor to associate with a client device, receive a plurality of information comprising a first application identification information from client device, wherein the plurality of information is based on at least one of an environment, a user interaction event and activity on client device, identify a first application using first application identification information, enable access to first application on media device; and enable display of information related to at least one of applications and media on a display associated with media device.

34.    Defendants knowingly encourage, aid, and direct others (e.g., end users and customers) to use and operate the Accused Products in an infringing manner.

35.    Since at least as early as the service of this Complaint, Defendants have had knowledge of the '155 Patent.  Since that time, Defendants have specifically intended and continue to intend, for persons who acquire and use the Accused Products, including Defendants' customers, to use the Accused Products in a manner that infringes the '155 Patent.  This is evident when Defendants encourage and instruct their customers and other end users in the use and operation of the Accused

Products via advertisements, technical materials, instructional materials, and otherwise.

36.     Defendants specifically intend the Accused Products to be used and operated to infringe on or more claims, including at least claim 1, of the '155 Patent.

37.     Defendants encourage, direct, aid, and abet the use, configuration, and installation of the Accused Products.

38.     As detailed above, Defendants have instructed its customers to use the Accused Products in an infringing manner.

39.     Defendants' analysis and knowledge of the '155 Patent combined with their ongoing activity demonstrates Defendants' knowledge and intent that the identified features of its Accused Products be used to infringe the '155 Patent.

40.     Plaintiff has been damaged by Defendants' infringement of the '155 Patent.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 9,207,924

41.     Plaintiff incorporates the above paragraphs herein by reference.

42.     The '924 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

43.     The Accused Products are designed to connect to provide interactive services using applications.

44.     Upon information and belief, Defendants have infringed and continue to infringe one or more claims, including Claim 9, of the '924 Patent by making, using, importing, selling, and/or, offering for sale the Accused Products in the United States

without authority.

45.    Defendants have infringed and continue to infringe the '924 Patent either directly or through the acts of inducement in violation of 35 U.S.C. § 271.

46.    Defendants encourage others, including their customers, to use the Accused Products in the United States without authority.

47.    Claim 9 of the '924 Patent recites:

9.   A non-transitory computer-readable storage medium having at least a computer-readable program stored therein, said computer-readable program comprising sets of instructions executable by a processor, said computer-readable program comprising a one or more set of instructions when executed by a processor enables a provider device to at least:

    i.    associate said provider device with a consumer device;

    ii.   receive a first plurality of information from said consumer device, said first plurality of information comprising information related to a one or more applications;

    iii.  determine at least a portion of a second plurality of information, based on at least information comprising at least a portion of said first plurality of information;

    iv.   send at least a portion of said second plurality of information to said consumer device, sending at least a portion of said second plurality of information to said consumer device enables said consumer device to at least:

at least one or more of determine a first application comprising sets of instructions executable by a processor, access said first application and execute a set of instructions associated with said first application; and

vi.     associate a first user interface element with at least a first set of instructions, said first user interface element associated with said provider device, an interaction with said first user interface element enables execution of said first set of instructions, execution of said first set of instructions enables at least one or more of determining at least a portion of said second plurality of information and sending at least a portion of said second plurality of information to said consumer device.

10.     As exemplified in the information referenced in the above paragraphs and the use of one or more of the Accused Products, the Accused Products include a provider device and consumer device for providing interactive services using applications.

11.     As exemplified in the information referenced in the above paragraphs and the use of one or more of the Accused Products, the Accused Products include at least one non-transitory computer-readable storage medium having a computer-readable program stored therein, the computer-readable program executable by a processor, said program comprising instructions when executed by a processor enables a provider device to at least receive information from a consumer device

related to one or more apps.

12.     As exemplified in the information referenced in the above paragraphs and the use of one or more of the Accused Products, the Accused Products include a computer-readable program comprising sets of instructions to enable the processor to determine a second plurality of information based on at least a portion of the received information and exchange information between devices as recited in the claim.

13.     Defendants knowingly encourage, aid, and direct others (e.g., end users and customers) to use and operate the Accused Products in an infringing manner.

14.     Since at least as early as the service of this Complaint, Defendants have had knowledge of the '924 Patent.  Since that time, Defendants have specifically intended and continue to intend, for persons who acquire and use the Accused Products, including Defendants' customers, to use the Accused Products in a manner that infringes the '924 Patent.  This is evident when Defendants encourage and instruct their customers and other end users in the use and operation of the Accused Products via advertisements, technical materials, instructional materials, and otherwise.

15.     Defendants specifically intend the Accused Products to be used and operated to infringe on or more claims, including at least claim 9, of the '924 Patent.

16.     Defendants encourage, direct, aid, and abet the use, configuration, and installation of the Accused Products.

17.     As detailed above, Defendants have instructed its customers to use the Accused Products in an infringing manner.

COMPLAINT FOR PATENT INFRINGEMENT

18.    Defendants' analysis and knowledge of the '924 Patent combined with their ongoing activity demonstrates Defendants' knowledge and intent that the identified features of its Accused Products be used to infringe the '924 Patent. Plaintiff has been damaged by Defendants' infringement of the '924 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Defendants:

1.    declaring that the Defendants have infringed the '155 and '924 Patents;

2.    awarding Plaintiff its damages suffered as a result of Defendants' infringement of the '155 and '924 Patents;

3.    awarding Plaintiff its costs, attorneys' fees, expenses, and interest; and

4.    granting Plaintiff such further relief as the Court finds appropriate.

## JURY DEMAND

Plaintiff demands trial by jury, Under Fed. R. Civ. P. 38.

Dated:  November 12, 2020          Respectfully Submitted

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com
**THE MORT LAW FIRM, PLLC**
100 Congress Ave, Suite 2200
Austin, Texas 78701
Tel/Fax: (512) 865-7950

Cabrach J. Connor
Texas State Bar No. 24036390
cab@connorkudlaclee.com
**CONNOR KUDLAC LEE, PLLC**
609 Castle Ridge Road, Suite 450
Austin, Texas 78746
Tel: (512) 777-1254

**ATTORNEYS FOR PLAINTIFF**